# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

SHELBY COUNTY, TENNESSEE,
a Tennessee municipality,

    Plaintiff,

v.

ARCHON INFORMATION SYSTEMS, LLC,
D/B/A CIVICSOURCE,

    Defendant.

Case No. 2:24-cv-2282-MSN-atc
JURY DEMAND

## ORDER DENYING RENEWED RULE 55 MOTION FOR ENTRY OF DEFAULT JUDGMENT AND SECOND ORDER TO SHOW CAUSE

Before the Court is Plaintiff's Renewed Rule 55 Motion for Entry of Default Judgment (ECF No. 14, "Renewed Motion"). For the reasons set forth below, the Renewed Motion is **DENIED** without prejudice, and Plaintiff is again **ORDERED TO SHOW CAUSE** why this matter should not be dismissed for lack of subject matter jurisdiction.

## BACKGROUND

As set forth in the Complaint, Plaintiff is a Tennessee municipality, and Defendant is a Delaware limited liability company that is headquartered in New Orleans, Louisiana. (ECF No. 1 at PageID 2.) Defendant provides services for municipalities via the collection and management of taxes. (*Id.*)

Since 2015, Defendant has facilitated online auctions of tax delinquent properties for Plaintiff. (*Id.* at PageID 3.) At issue in this matter, are the proceeds from Tax Sale # TS2001 ("TS2001"), which opened for online bidding on October 24, 2023. (*Id.*) Shortly after bidding

opened, Plaintiff discovered that 36 properties had been erroneously included in TS2001. (*Id.* at PageID 4.) Plaintiff voluntarily dismissed enforcement action against those 36 properties ("Dismissed Properties") and instructed Defendant to remove the Dismissed Properties from the TS2001 auction, refuse any bids on them, and return funds for any bids already made. (*Id.* at PageID 4–5.)

To date, Plaintiff has yet to receive the funds Defendant collected from the TS2001 auction, which total $1,500,087.54. (*Id.* at PageID 5–7.) That total includes $266,269.54 for four of the Dismissed Properties for which the bidders are entitled to refunds. (*Id.* at PageID 5; ECF No. 11 at PageID 29.)

Plaintiff previously moved for default judgment against Defendant. The Court, however, denied that motion, finding that Plaintiff did not sufficiently allege subject matter jurisdiction under 28 U.S.C. § 1332 in its Complaint. As the Court explained in that Order, Plaintiff's Complaint is deficient because Defendant is a limited liability company, which has the citizenship of each of its members, and Plaintiff's Complaint makes no allegations about the identity or citizenship of Defendant's members. (*See* ECF No. 12 at PageID 35–36.) The Court further ordered Plaintiff to show cause why this matter should not be dismissed for lack of subject matter jurisdiction.

Plaintiff timely responded to the Court's show cause order and attached "[a] copy of the company's registration" from the Louisiana Secretary of State for Defendant Archon Information Systems, LLC. (ECF No. 13 at PageID 38; ECF No. 13-1.) Plaintiff states that "the sole identified Officer is Bryan Barrios, who is listed as having the title 'Manager' and 'Member.'" (ECF No. 13 at PageID 38–39.) Further, Plaintiff notes that the address for Mr. Barrios is the same Louisiana

2

address listed in the filing for Defendant's principal business office. (*Id.* at PageID 39.) Plaintiff then asserts that "No member of Defendant's LLC is a citizen of Tennessee." (*Id.*)

## DISCUSSION

For purposes of diversity jurisdiction, a person is a citizen of the state in which he is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989); *Smith v. Queener*, 2018 WL 3344176, at *2 (6th Cir. Jan. 4, 2018). "Residence in fact, coupled with the purpose to make the place of residence one's home, are the essential elements of domicile." *Texas v. Florida*, 306 U.S. 398, 424 (1939) (collecting cases). "[T]he party asserting diversity jurisdiction bears the burden of establishing the parties' citizenships." *Akno 1010 Mkt. St. St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010)).

Here, by asserting that the filing from the Louisiana Secretary of State's office proves diversity exists, Plaintiff implies that the filing establishes two facts that are necessary for this Court to have diversity jurisdiction: (1) that Bryan Barrios is a citizen of Louisiana, and (2) that Bryan Barrios is the sole member of Defendant. But this Court has doubts about whether the filing alone is enough to support either.

First, to conclude that that Mr. Barrios is a Louisiana citizen based on the filing from the Louisiana Secretary of State, the Court would have to assume either that (1) the address listed in the Secretary of State filing is Mr. Barrios' place of residence, or (2) Mr. Barrios' place of residence is also in Louisiana because Defendant's office is in Louisiana. The Court has misgivings about both assumptions for various reasons, including that the listed address appears to be for an office, not a residence, and in today's world it's not unusual for individuals to reside in places that are not near, and may in fact be very remote from, their company's office, even if an individual is the sole officer of the company.

Second, the bigger issue is that it is unclear why this filing establishes that Mr. Barrios is the sole member of Defendant.  Under Delaware law, "[u]nless otherwise provided in a limited liability company agreement, the management of a limited liability company shall be vested in its members in proportion to the then current percentage or other interest of members in the profits of the limited liability company owned by all of the members, the decision of members owning more than 50 percent of the said percentage or other interest in the profits controlling; provided however, that if a limited liability company agreement provides for the management, in whole or in part, of a limited liability company by a manager, the management of the limited liability company, to the extent so provided, shall be vested in the manager who shall be chosen in the manner provided in the limited liability company agreement."  6 Del. C. § 18-402.  The Secretary of State filing establishes that Mr. Barrios is <u>a</u> member, and likely the sole <u>*manager*</u>, of Defendant, but not necessarily that he is also the <u>*sole member*</u>.  There could be other members of Defendant that are not part of Defendant's management and are therefore not listed on the filing as "officers" for that reason.  Without more, there's no way to tell from the filing alone whether that's the case.

## **CONCLUSION**

The Court understands the difficulty of establishing the citizenship of Defendant under the circumstances, but this Court has "an independent obligation to determine whether subject-matter jurisdiction exists."  *Pourtaghi*, 43 F.4th at 627.  Because Plaintiff still has not established that diversity jurisdiction is present, Plaintiff's Renewed Rule 55 Motion for Entry of Default Judgment (ECF No. 14) is **DENIED** without prejudice.  Further, Plaintiff is again **ORDERED TO SHOW CAUSE within 14 days of the date of this Order** why this matter should not be dismissed without prejudice for lack of subject matter jurisdiction.

5

**IT IS SO ORDERED**, this 8th day of July, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE